# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

The Guardian Life Insurance Company
of America,

        Plaintiffs,

v.                                                                       Case No. 1:12cv235
                                                                  (Litkovitz, MJ ; Consent Case)

Janet F. Smith, et al.,

        Defendants.

## JUDGMENT IN A CIVIL CASE

**[ ]**    **JURY VERDICT**: This action came before the Court for a trial by jury. The issues have been tried and the Jury has rendered its verdict.

**[X]**    **DECISION BY COURT**: This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED**:

See attached Order and Judgment [49] entered by U.S. Magistrate Judge Karen L. Litkovitz.

Date: June 11, 2013

                                            John P. Hehman, Clerk of Court

                                            By:   s/Arthur Hill, deputy clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,<br>7 Hanover Square<br>New York, NY 10004<br><br>     *Plaintiff,*<br> v.<br><br>JANET F. SMITH<br>1221 Bethel –New Richmond Road<br>New Richmond, OH 45157,<br><br>SUE ANN MEYERS<br>8 Arbor Circle<br>Cincinnati, OH 45255<br><br>AND<br><br>MOORE FUNERAL HOME<br>6708 Main Street<br>Cincinnati, OH 45244<br><br>     *Defendants.* | Case No.  1:12-cv-235-KLL |

### ORDER AND JUDGMENT

This cause coming on to be heard upon a Complaint for Interpleader filed by The Guardian Life Insurance Company of America, a mutual insurance company, and the stipulations filed by the parties herein. The Court having considered the pleadings and said stipulations, and being fully advised in the premises finds:

  1. This is an action for interpleader under Federal Rule of Civil Procedure 22 to enforce the terms of an employee welfare benefit plan and to otherwise seek appropriate equitable relief in

accordance with the Employee Retirement Income Security Act ("ERISA") 29 U.S.C. §1001, §1132(a)(3) and federal common law.

2. Plaintiff, The Guardian Life Insurance Company of America ("The Guardian"), is a mutual insurance company organized under the laws of the State of New York, with its principal place of business in the State of New York. It is duly licensed to do business in the State of Ohio.

3. The Court has subject matter jurisdiction of this matter pursuant to ERISA, 29 U.S.C. §1132(e)(1), pursuant to general federal question jurisdiction under 28 U.S.C. §1331. Venue is proper in this Court pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391. This Court has personal jurisdiction over all of the parties herein. The parties waive any right to trial by jury.

4. At all times relevant hereto, Robert D. Smith was a participant in an ERISA-regulated life insurance plan ("Plan") sponsored by his employer, Bluford Jackson & Son, Inc., the benefits of which were funded by a group policy of life insurance ("Policy") issued by The Guardian. The Plan and Policy established the right of a Plan participant to name his or her beneficiary or beneficiaries and stated that benefits would be paid to the designated beneficiary or beneficiaries. The Guardian is the Plan's claim administrator and is a fiduciary for purposes of making claim determinations under the Plan.

5. Robert D. Smith died on February 1, 2012. The amount of death benefits available for the beneficiary or beneficiaries of Robert D. Smith is $100,000.00 ("Plan Benefits"), plus interest in the amount of $1,939.73.

6. Defendants Janet F. Smith and Sue Ann Myers have made conflicting claims for said benefits. Defendant Sue Ann Myers also assigned or purported to assign a portion of the Plan benefits to Defendant Moore Funeral Home.

7. By reason of the disputed claims herein and pursuant to ERISA, the parties stipulate and agree that The Guardian is entitled to reimbursement of its reasonable attorney fees, court costs, and expenses in the amount of $2,500.00. The parties further stipulate and agree that this amount is payable from the Plan Benefits.

8. The Guardian is ready and willing to deposit the Plan Benefits along with interest in the amount of $101,939.73 into the Court's registry. The parties stipulate and agree that the $2,500.00 owed to The Guardian in attorney fees, costs and expenses will be deducted from the Plan Benefits prior to being deposited into the Court's registry, so that a net amount of Ninety-Nine Thousand Four Hundred Thirty-Nine and 73/100 Dollars ($99,439.73) will be deposited with the Clerk of this Court within 30 days of the Court's entry of this Order and Judgment.

9. The parties stipulate and agree that by depositing said sum with the Clerk, The Guardian and the Plan are discharged from further liability under the aforesaid employee benefit plan and group insurance policy for death benefits related to the death of Robert D. Smith.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that:

(1) The Guardian Life Insurance Company of America, a mutual insurance company, and the aforesaid employee welfare benefit plan are hereby discharged from any and all further liability whatsoever under said employee welfare benefit plan and/or policy for death benefits by reason of the death of Robert D. Smith and that the Clerk shall enter judgment in favor of The Guardian Life Insurance Company of America on its Complaint for Interpleader and against defendants, Janet F. Smith, Sue Ann Myers and Moore Funeral Home; and

(2) Janet F. Smith, Sue Ann Myers and Moore Funeral Home, are perpetually enjoined and restrained from making any further claim against The Guardian Life Insurance Company of America or the aforesaid employee welfare benefit plan or any fiduciaries or representatives thereof for death benefits on account of the death of Robert D. Smith and that each of the them is hereby restrained from instituting and/or further prosecuting any action against The Guardian Life Insurance Company of America, the aforesaid employee welfare benefit plan, or any fiduciaries or representatives thereof for the recovery of said death benefits or any part thereof; and

(3) The Guardian Life Insurance Company of America is entitled to reimbursement of its reasonable attorney fees, court costs, and expenses in the amount of $2,500.00, and that this amount is payable and will be deducted from the Plan Benefits; and

(4) The Guardian Life Insurance Company will deposit a net amount of $99,439.73 into the Court's registry within 30 days of entry of this Order and Judgment, which includes $100,000.00 in Plan Benefits and $1,939.73 in interest, minus $2,500.00 in attorney fees, costs and expenses.

Judge, U.S. District Court

Enter: June 11, 2013

**COPIES TO:**

James G. Nichols
Jgn.nicholslaw@fuse.net

Eric C. Deters
Email: eric@ericdeters.com

Tina R. Mills
mills@millslegal.com

Kimberly A. Jones
Kimberly.jones@ogletreedeakins.com

Mark E. Schmidtke
mark.schmidtke@ogletreedeakins.com

Robert F. Seidler
robert.seidler@ogletreedeakins.com

12562645.3