UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

THE GUARDIAN LIFE INSURANCE          Case No. 1:12-cv-235
COMPANY OF AMERICA,                      Litkovitz, M.J.
       Plaintiff,

vs.

JANET F. SMITH, et al.,                          **ORDER**
       Defendants.

       This matter is before the Court on defendant Janet F. Smith's motion for summary judgment (Doc. 65), which is unopposed. For the reasons set forth below, the motion is denied.

**I. Background**

       Plaintiff The Guardian Life Insurance Company of America ("The Guardian"), a mutual insurance company, filed this action for interpleader on March 21, 2012, to enforce the terms of an employee welfare benefit plan and to seek appropriate equitable relief pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 and 1132(a)(3), and federal common law. (Doc. 1). The Guardian named as defendants Smith, Sue Ann Meyers, and Moore Funeral Home.

       An Order and Judgment in favor of The Guardian and against defendants was issued on June 11, 2013, pursuant to which The Guardian agreed to deposit the funds at issue into the Court registry and The Guardian was discharged from further liability relating to the funds. (Doc. 49).

In the Order, the Court made the following findings of fact pursuant to the parties' Amended Stipulations of Fact and Submission to Court for Judgment (Doc. 48):

At all times relevant hereto, Robert D. Smith was a participant in an ERISA-regulated life insurance plan ("Plan") sponsored by his employer, Bluford Jackson & Son, Inc. The Plan benefits were funded by a group policy of life insurance ("Policy") issued by The Guardian. The Plan and Policy established the right of a Plan participant to name his or her beneficiary or beneficiaries and stated that benefits would be paid to the designated beneficiary or beneficiaries. The Guardian is the Plan's claim administrator and is a fiduciary for purposes of making claim determinations under the Plan. Robert D. Smith died on February 1, 2012. The amount of death benefits available for the beneficiary or beneficiaries of Robert D. Smith is $100,000.00 ("Plan Benefits"), plus interest in the amount of $1,939.73. Defendants Smith and Meyers have made conflicting claims for said benefits. Defendant Meyers also assigned or purported to assign a portion of the Plan benefits to defendant Moore Funeral Home.

**II. Motion for summary judgment**

Defendant Smith filed her motion for summary judgment on October 25, 2013. (Doc. 65). Neither defendant Meyers nor defendant Moore Funeral Home has responded to the motion. Defendant Smith states that the pleadings and Exhibits 1 through 5 attached to the motion for summary judgment support her request for summary judgment. Defendant Smith further contends that she is entitled to summary judgment against defendant Meyers because Meyers is unable to dispute any allegations of Smith, and Meyers' attempts to become the beneficiary were unsuccessful. Smith states that the policy proceeds should promptly be paid to her, "the beneficiary." (*Id*. at 1). Smith argues that Moore Funeral Home's claim for benefits should be

denied because the funeral home allowed only Meyers to arrange the cremation and any funeral of Robert D. Smith; the location of his cremated remains has not been disclosed; and Meyers had no authority to sign a document assigning insurance proceeds in the amount of $1,258.00 to Moore Funeral Home for funeral services and disposition of Robert D. Smith's body. (*Id.* at 2, citing Exh. 6).

### III. Standard of review

A motion for summary judgment should be granted if the evidence submitted to the court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "[A] party seeking summary judgment . . . bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. *See also Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 405 (6th Cir. 1982).

The party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253 (1968)). In response to a properly supported summary judgment motion, the non-moving party "is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial." *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) (quoting *First Nat'l Bank*, 391 U.S. at 288-89).

The movant bears the burden of demonstrating that no material facts are in dispute. *See Guarino,* 980 F.2d at 410. The non-moving party's failure to respond to the motion does not lessen the burden on either the moving party or the Court to demonstrate that summary judgment is appropriate. *Mongan v. Lykins,* No. 1:09-cv-00626, 2010 WL 2900409, at *3 (S.D. Ohio 2010) (citing *Guarino*, 980 F.2d at 410; *Carver v. Bunch*, 946 F.2d 451, 454-455 (6th Cir. 1991)). Judge Spiegel in *Mongan* explained the Court's obligation when evaluating an unopposed motion for summary judgment as follows:

> [T]he Court must review carefully those portions of the submitted evidence designated by the moving party. The Court will not, however, *sua sponte* comb the record from [the non-moving party's] perspective. Instead, the Court may reasonably rely on [the movant's] unrebutted recitation of the evidence, or pertinent portions thereof, in reaching a conclusion that certain evidence and inferences from evidence demonstrate facts which are uncontroverted. If such evidence supports a conclusion that there is no genuine issue of material fact, the Court should determine that [the movants] have carried their burden. . . .

*Id.* (internal quotations and citations omitted).

**IV. Defendant Smith is not entitled to summary judgment.**

Defendant Smith has failed to carry her burden as movant to demonstrate that there are no material facts in dispute and that she is entitled to judgment as a matter of law. First, Smith has not made any factual allegations in the motion for summary judgment to support her claim that she is the proper beneficiary of the Plan Benefits. She simply references the pleadings and exhibits attached to the motion in support of her request for summary judgment, and she makes no attempt to explain the significance of the exhibits and how they establish that she is indisputably the beneficiary of the Plan Benefits. Smith has not directed the Court to the specific Plan provisions that govern the designation of beneficiaries. Nor has she directed the Court to portions

4

of the exhibits that show she was designated the beneficiary of the Plan Benefits in accordance with the applicable Plan provisions. In addition, Smith has not introduced any admissible evidence which establishes that the Beneficiary Designation Change Form dated January 2011, which names Meyers as the primary beneficiary of the Plan, is invalid for any reason.[1] (*See* Doc. 1, Exh. C). Smith has thus failed to demonstrate the absence of a genuine dispute on any material issue of fact.

Second, Smith has not cited any statutory authority or case law to demonstrate that she is the proper beneficiary entitled to the Plan Benefits under the governing law. Smith has not directed the Court to any legal authority that shows how the beneficiary of the Plan Benefits is determined under ERISA. Nor has Smith cited any legal authority to support her arguments that (1) Moore Funeral Home is not entitled to payment of a portion of the Plan Benefits for Robert D. Smith's cremation and funeral expenses, and (2) Meyers did not have authority to sign a document assigning a portion of the Plan Benefits to Moore Funeral Home. Absent any legal authority, Smith cannot carry her burden to show that she is entitled to judgment as a matter of law.[2]

The Court cannot "blithely accept the conclusions argued in the [summary judgment] motion" when defendant has failed to develop the supporting reasons and to provide any

---

[1] The letter authored by David M. Hall regarding "*Questioned signature of Robert Smith*," which is attached as Exhibit 1 to the motion for summary judgment, is unauthenticated and is hearsay, and as such it cannot be considered by the Court on summary judgment. *See Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 927 (6th Cir. 1999) (a district court may not consider hearsay evidence on a motion for summary judgment); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009) (unauthenticated documents do not meet the requirements of former Rule 56(e) (current Rule 56(c)).

[2] Further, by omitting to cite any legal authorities, Smith has failed to comply with the Local Rules of this Court, which require that all motions must be accompanied by a supporting memorandum that sets forth the grounds in support of the motion, "with citation of authorities relied upon." *See* S.D. Ohio Civ. R. 7.2(a)(1).

explanation of the proffered evidence. *See Guarino*, 980 F.2d at 407. It is not apparent that there is no genuine dispute as to any material fact and that defendant Smith is entitled to judgment as a matter of law. Accordingly, the motion for summary judgment (Doc. 65) is **DENIED**. This matter will proceed to trial in accordance with the schedule previously established by the Court.

**IT IS SO ORDERED.**

Date: 1/13/14

Karen L. Litkovitz
United States Magistrate Judge